## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MAX KUSNER,
an individual,

                                                 Case No.:

       Plaintiff,

v.

I.C. SYSTEM, INC.,
a foreign profit corporation,
CHARTER COMMUNICATIONS, INC.,
a foreign profit corporation, and
EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company,

       Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, MAX KUSNER (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, I.C. SYSTEM, INC. (hereinafter, "IC System"), CHARTER COMMUNICATIONS, INC. (hereinafter, "Charter") and EQUIFAX INFORMATION SERVICES, LLC (hereinafter, "Equifax") (hereinafter collectively, "Defendants").  In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.     This is an action brought by an individual consumer for damages for IC System's violations of the Fair Credit Reporting Act, 15 United States Code, Section

1681 et seq. (hereinafter, the "FCRA") wherein IC System improperly credit-reported and subsequently verified objectively-inaccurate information related to a services account allegedly owed to Charter on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Equifax.

2. More specifically, IC System continued to inaccurately report the account after Plaintiff disputed IC System's reporting of such erroneous information directly to Equifax, Transunion and Experian.

3. Furthermore, this is an action for damages for Equifax's violations of the FCRA wherein Equifax continued to incorrectly report such account as a derogatory, negative, or adverse account with late payment information, despite Plaintiff's dispute to Equifax explaining and proving that such account should be promptly deleted from Plaintiff's credit file and credit reports.

4. Additionally, this is an action for damages brought by Plaintiff as an individual consumer against IC System and Charter's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") wherein IC System and Charter communicated with Plaintiff in an attempt to collect an alleged balance due on a service account after such account was closed and satisfied and after the statute of limitations had run on the account.

5. Finally, this is an action for damages brought by an individual consumer for IC System's violations of the Fair Debt Collection Practices Act, 15 United States

Code, Section 1692 (the "FDCPA") wherein IC System communicated with Plaintiff in an attempt to collect an alleged balance due on a service account after such account was closed and satisfied and the statute of limitations had run.

## JURISDICTION, VENUE & PARTIES

6.      Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

7.      Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

8.      Venue is proper in this District as the acts and transactions described herein occur in this District.

9.      At all material times herein, IC System is a foreign for-profit corporation existing under the laws of the state of Minnesota with its principal place of business located at 444 Highway 96 East, ST. Paul, MN 55127-2557 that regularly does business within Manatee County, Florida, where the causes of action herein accrued.

10.      At all material times herein, Charter is a foreign limited liability company that does business in Volusia County, Florida.

11.      At all material times herein, Equifax is a for-profit corporation that does business in Volusia County, Florida.

## FCRA STATUTORY STRUCTURE

12.    Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

13.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

14.    Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

15.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

16.    Under the FCRA, if, after any reinvestigation of any information

disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

17.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

18.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100

and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

19.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## FCCPA AND FDCPA STATUTORY STRUCTURE

20.     The FCCPA is a state consumer protection statute, modeled after the federal FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

21.     The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts.  15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

22.    Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2) (emphasis added).

23.    For example, the FDCPA prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of any consumer debt.  See 15 U.S.C. §§ 1692(d)-(e).

24.    For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debt and prohibits a person from attempting to collect a consumer debt that is known to be illegitimate. See Fla. Stat. § 559.72(7) and (9).

## GENERAL ALLEGATIONS

25.    At all material times herein, Plaintiff is an alleged "consumer" or "debtor" as defined by the FCRA, Section 1681a(c) because he is an individual and was allegedly obligated to pay a debt.

26.    At all material times herein, IC System, itself and through its subsidiaries, regularly services consumer credit and credit-reports information associated with the same in Volusia County, Florida.

27.     At all material times herein, IC System is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

28.     At all material times herein, IC System and Charter each attempt to collect and report information concerning an alleged balance on a consumer account referenced by account number beginning   -0911 (hereinafter, the "Alleged Debt" or the "Account").

29.     At all material times herein, IC Systems reports information concerning a closed consumer debt account to Equifax including but not limited to, a tradeline account related to a consumer service account, referenced by account number -0911 (hereinafter, the "Account").

30.     At all material times herein, IC Systems furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

31.     At all material times herein, Equifax is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.   Equifax

disburses such consumer reports to third parties under contract for monetary compensation.

32.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

33.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

## TERMINATION OF THE DEBT

34.     On or about March 2018, Plaintiff returned his Charter equipment and cancelled his services with Charter.

35.     As such, effective March 2018, Plaintiff did not owe any further monies to Charter.

36.     Despite this, Charter hired IC Systems in an attempt to collect this illegitimate debt from Plaintiff.

## IC SYSTEM, MBW, AND CHARTER'S
## ATTEMPTS TO COLLECT THE ALLEGED DEBT

37.     On or about January 5, 2024, IC Systems, on behalf of Charter, sent a collection letter to Plaintiff in an attempt to collect the debt. A true and correct copy of IC System's  Collection Letter is attached as **Exhibit A.**

38.     More specifically, IC System demanded a balance of $188.05.

9

39.    Notably, within the Collection Letter, IC Systems and Charter fail to advise Plaintiff that due to the age of this debt, he cannot be sued on it.

40.    Further, the Collection Letter did not advise Plaintiff of his rights on how to dispute the debt.

## PLAINTIFF'S DISPUTES REGARDING THE ACCOUNT AND IC SYSTEM AND EQUIFAX'S DISPUTE RESPONSES

41.    In January 2024, Plaintiff obtained a copy of his consumer disclosure report from Equifax, Experian and Transunion.

42.    Plaintiff noticed that Equifax, Experian and Transunion were reporting the IC System's debt.

43.    As such, in January 2024, Plaintiff sent a dispute letter to Equifax, Transunion and Experian and informed them of the erroneous reporting.

44.    Experian received Plaintiff's First Dispute Letter.

45.    Transunion received Plaintiff's First Dispute Letter.

46.    Equifax received Plaintiff's First Dispute Letter.

47.    Transunion and Experian deleted the account in response to the dispute.

48.    In response to Plaintiff's First Dispute, Equifax verified the IC Systems account as past due and a balance amount of $188.05

## DAMAGES

49.    Plaintiff retained Swift, Isringhaus, Dubbeld & McEleney, PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to

10

pay his attorneys a reasonable fee for their services.

50.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against IC System, Charter, and Equifax.

51.     As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, he did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

52.     Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to IC System that he did not owe the Debt, including supplying Defendants with supporting documentation, Plaintiff must simply endure Defendants' reporting of the Account.

**COUNT ONE**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**
**(As to IC System Only)**

Plaintiff re-alleges paragraphs one (1) through fifty-two (52) as if fully restated herein and further states as follows:

53.     IC System is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Equifax update and fix the Account on Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

54.     Despite receiving notice of Plaintiff's disputes from Equifax— including the information and documents referenced above— IC System willfully and/or negligently failed to request that Equifax update the tradeline associated with the Account and continued to report derogatory, late payment information to Equifax including significant balances due, and as significantly past-due.

55.     Rather than delete its reporting of the Account after receiving notice of Plaintiff's repeated disputes, IC System inaccurately "verified" or "updated" its derogatory reporting of the Account which ultimately reflected negatively and adversely on Plaintiff's credit reports and credit files as maintained by Equifax.

56.     IC System's refusal to request that Equifax update the tradeline associated with the Account was intentionally, willfully, and knowingly done as IC

System clearly possessed knowledge that the Account was not owed.

57.    IC System's re-investigations were not conducted in good faith.

58.    IC System's re-investigations were not conducted reasonably.

59.    IC System's re-investigations were not conducted using all information and documents reasonably available to IC System.

60.    As a result of IC System's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

61.    IC System's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

62.    IC System's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections

1681n or 1681o, or both.

## COUNT TWO:
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)</u>

Plaintiff re-alleges paragraphs one (1) through Fifty-two (52) as if fully restated herein and further states as follows:

63.    Equifax is subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

64.    Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

65.    Specifically, despite Plaintiff advising Equifax that he did not owe the Alleged Debt—Equifax continued to report the Account with a balance due, with a balance past-due, resulting in the Account being reported as a derogatory, negative, or adverse account in Plaintiff's credit reports and credit files.

66.    Further, Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in his Equifax credit report and credit file.

14

67.     Such reporting of the Account is false and evidences Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

68.     As a result of Equifax's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

69.     Equifax's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

70.     Equifax's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)</u>**

Plaintiff re-alleges paragraphs one (1) through Fifty-two (52) as if fully restated herein and further states as follows:

71.    Equifax is subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files.

72.    Specifically, Equifax willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

73.    Overall, Plaintiff's Disputes provided Equifax with sufficient information allowing Equifax to identify that the Account was not owed, and therefore, should be updated on Plaintiff's credit reports and credit file as maintained by Equifax.

74.    Equifax did not request any documents from IC System corroborating information furnished and verified by IC System to Equifax regarding Plaintiff and the Account in response to any of Plaintiff's Disputes.

75.    As such, Equifax's re-investigations were not conducted in such a way

as to assure whether information regarding Plaintiff and the Account was inaccurate and each failed to subsequently update and remove the inaccurate information in Plaintiff's credit reports and credit files.

76.    Such reporting is false and evidences Equifax's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

77.    Equifax's reinvestigations of Plaintiff's disputes were not conducted reasonably.

78.    Equifax's reinvestigations merely copied and relied upon the inaccurate Account information conveyed by IC System.

79.    Equifax's reinvestigations of Plaintiff's disputes were not conducted in good faith.

80.    Equifax's reinvestigation procedures are unreasonable.

81.    Equifax's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Equifax.

82.    Equifax's reinvestigations were *per se* deficient by reason of these failures in Equifax's reinvestigations of Plaintiff's disputes and the Account.

83.    As a result of Equifax's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the

Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

84.   Equifax's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

85.   Equifax's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FOUR:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)**

Plaintiff re-alleges paragraph one (1) through fifty-two (52) as if fully restated herein and further states as follows:

86.   Equifax is subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes.

87.   Equifax's failure to review and consider all information received in

Plaintiff's disputes was done in bad faith.

88.    As a result of Equifax's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

89.    Equifax's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

90.    Equifax's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FIVE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)**

Plaintiff re-alleges paragraphs one (1) through fifty-two (52) as if fully

restated herein and further states as follows:

91.     Equifax is subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

92.     Specifically, despite Equifax receiving Plaintiff's Disputes—which proved he did not owe the Alleged Debt— Equifax did not update the Account on Plaintiff's credit reports and credit files.

93.     Instead, Equifax continued to report the Account in Plaintiff's credit reports and files as belonging to Plaintiff with a significant balance due as well as derogatory, late payment information regarding the Account.

94.     As a result of Equifax's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

95.     Equifax's actions were a direct and proximate cause of, as well as a

substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

96.     Equifax's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT SIX:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)

Plaintiff re-alleges paragraphs one (1) through fifty-two (52) as if fully restated herein and further states as follows:

97.     IC System and Charter are each subject to, and each violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Alleged Debt with knowledge that Plaintiff could not be sued on the debt but yet failing to advise Plaintiff of the same in the Collection Letter.

98.     IC System, MBW, and IC System do not possess the legal right to assert a balance owed on the Alleged Debt from Plaintiff or to assert that IC System, MBW, and IC System could and would continue to hold Plaintiff personally responsible for the amount owed on the Alleged Debt.

99.     As such, IC System, MBW, and IC System attempted to collect the

100.   As a direct and proximate result of Charter and IC System's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT SEVEN:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692g(a), 1692e, e(2)(A), and e(10)**

Plaintiff re-alleges paragraphs one (1) through fifty-two (52) as if fully restated herein and further states as follows:

101.   IC System is subject to, and violated the provisions of, 15 United States Code, Section 1692g(a), 1692e, e(2)(A), and e(10) by using false representations and deceptive means in attempting to collect the Alleged Debt, including by falsely representing the amount, legal status, or character of the alleged Debt.

102.   Specifically, IC System failed to include the 1692g(a) language within 5 days of their initial communication with Plaintiff.

103.   Further, IC System failed to advise Plaintiff in the Collection Letter that he could not be sued on the debt due to the age of the debt.

104.   As a direct and proximate result of IC System's actions, Plaintiff sustained damages as defined by 15 United States Code, Section 1692k.

**PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

      a.    Judgment against IC System and Equifax for maximum statutory

damages for violations of the FCRA;

b.    Judgment against Charter and IC System declaring that Defendants violated the FCCPA;

c.    Judgment against Charter and IC System for maximum statutory damages for violations of the FCCPA;

d.    Judgment against IC System for maximum statutory damages for violations of the FDCPA;

e.    Actual damages in an amount to be determined at trial;

f.    Compensatory damages in an amount to be determined at trial;

g.    Punitive damages in an amount to be determined at trial;

h.    An award of attorney's fees and costs; and

i.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 125561**
11300 4th St. N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*